AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of South Carolina

| People for the Ethical Treatment of Animals, Inc., et al | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 4:22-cv-01337-JD |
| Kathleen Futrell, et al. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
Dr. K. Wiltz
Central Florida Animal Reserve, 500 Broussard Rd, St. Cloud, FL, 34773

*(Name of person to whom this subpoena is directed)*

☐ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: RP7L 2/16/23 3:10 pu | Date and Time: |
|---|---|

☑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: Central Florida Animal Reserve 500 Broussard Rd, St. Cloud, FL, 34773 | Date and Time: 03/07/2023 8:30 am |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 02/16/2023

| *CLERK OF COURT* | OR | |
|---|---|---|
| | | /s/ Stacie C. Knight |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff
People for the Ethical Treatment of Animals, Inc. , who issues or requests this subpoena, are:
Stacie C. Knight; 300 S. Tryon St., FL 16; Charlotte, NC 28202; sknight@winston.com; 704-350-7700

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**EXHIBIT 1**

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## INSPECTION OF PREMISES

**I. Inspection Schedule**

Date of Inspection:     **8:30 a.m. Eastern time, Tuesday, March 7, 2023.**

If you cannot accommodate an inspection of premises at the above time and date, please have your legal counsel, if any, contact the undersigned attorneys for Plaintiffs to discuss options no later than Friday, February 17, 2023.

Place of Inspection:    Central Florida Animal Reserve, 500 Broussard Rd, St. Cloud, FL, 34773

Objects to be Inspected:      Each animal on the premises who had been housed or exhibited at Waccatee Zoological Farm for any length of time between December 22, 2021 and the present (additional details below).

**II. Instructions**

1. This inspection is necessary and permissible because the behavioral, mental, and physical condition of the animals you or Central Florida Animal Reserved received from Robert Scott Brown, Waccatee Zoological Farm, or any Defendant between December 22, 2021 and the present are central to the claims at issue in this lawsuit.

2. Plaintiffs will enter upon the land at the facility known as Central Florida Animal Reserved ("The Facility") and to observe, photograph, record, and videorecord, each animal at The Facility who had been housed or exhibited at Waccatee Zoological Farm for any length of time between December 22, 2021 and the present.

3. Plaintiffs' inspection team will consist of: Plaintiff PETA's representative, experts, Plaintiffs' attorney, a videographer, and security personnel. The experts will include a veterinarian and an expert in animal behavior.

4. You and The Facility must make available at this inspection: (a) an officer, director, managing agent, or other person who is authorized to represent The Facility; and (b) those personnel necessary to ensure that Plaintiffs' representatives are provided complete access to the animals, and all of the facilities and to the extent capable, to direct or move the animals, as needed, to perform the requested inspections.

5. You and the Facility are permitted to have your attorney(s) present during the inspection.

6. During the inspection, Plaintiffs' inspection team will directly observe, and take photographs, video footage, and audio recordings of the relevant animals, including, but not limited to: (1) observing the animals during interactions with staff or volunteers, without staff or volunteer interactions, and without staff or volunteers present; (2) observing the animals' physical conditions; (3) observing the animals before, during, and after meal times; (4) observing the animals when they are shifted to off-exhibit areas, dens, or indoor enclosures; (5) observing the animals when their enclosures are being cleaned; and (6) collecting fecal and urine samples.

7. In addition. Plaintiffs' inspection team will inspect, test, measure, observe, photograph, and/or take video footage of: (1) all areas in which the relevant animals are held, including but not limited any holding, shift, den, indoor, or off exhibit areas; and any quarantine or medical holding areas; (2) any areas associated with the maintenance of any animal's pool(s); (3) samples of the water in any animal's pool(s); and (4) any facilities that are relevant to the maintenance and care of the animals, including but not limited to areas where food is stored and prepared; any medical facilities; and any places where other associated supplies such as enrichment, medicine, and equipment are kept.

8. If, given the feeding schedule of the animals, Plaintiffs are not able to observe any animal before and after meal times, Plaintiffs may return to complete its inspection for up to four hours each on two subsequent dates before the close of the discovery period.

If you have any questions or concerns about the foregoing, please have your attorney contacted the undersigned.

Dated: February 16, 2023

/s/ Stacie C. Knight
Stacie C. Knight
S.C. Bar No. 77968
D.C. No. 10411
WINSTON & STRAWN LLP
300 South Tryon Street, 16th Floor
Charlotte, NC 28202
(704) 350–7700; (704) 350–7800 (fax)
sknight@winston.com

Jonathan Brightbill*
Kyllan Gilmore*
Sharon Lin*
WINSTON & STRAWN LLP
1901 L Street NW
Washington, DC 20036
(202) 282–5855; (202) 282–5100 (fax)
jbrightbill@winston.com
kgilmore@winston.com
slin@winston.com

Caitlin Hawks*
Asher Smith*
Zeynep Graves*
Aaron Frazier
PETA FOUNDATION
1536 16th Street NW
Washington, DC 20036
(202) 540-2179
CaitlinH@petaf.org

AsherS@petaf.org
ZeynepG@petaf.org
AaronF@petaf.org

*Counsel for Plaintiffs*